UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| STEVE GENTRY and NANCY PARMLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:06-cv-11 ) |
| HOME QUALITY MANAGEMENT, INC., | ) Judge Mattice ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Steve Gentry and Nancy Parmley bring this action against Defendant Home Quality Management, Inc. ("HQM"), alleging wrongful termination; violation of the Tennessee whistleblower statute, Tenn. Code Ann. § 50-1-304; and slander.

Before the Court is Defendant's Motion to Dismiss or, In the Alternative, to Stay the Proceedings and Compel Arbitration. Because Defendant has submitted and relied on materials outside the pleadings, the Court will treat this motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiffs have not filed a response to this motion, and the Court deems Plaintiffs to have waived opposition to the motion. E.D.TN. LR 7.2. The Court, however, cannot automatically grant Defendant's motion merely because Plaintiffs have not filed a response in opposition. The Court is required to examine the record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

After reviewing the record, the Court finds that Defendant's motion is well taken and is **GRANTED**.

**I.     STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with

respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.     FACTS

The relevant facts, viewed in the light most favorable to Plaintiff, are as follows.

In the summer of 2003, HQM acquired a Monteagle, Tennessee, facility known as Heritage Manor Nursing Home ("Heritage Manor"). (Court Doc. No. 6-1, Maxwell Decl. ¶ 3.) All employees of Heritage Manor who wished to be considered for employment with HQM were required to complete an HQM employment application. (*Id.* ¶ 4.) Steve Gentry completed an application on September 29, 2003, and Nancy Parmley completed an application on September 30, 2003. (*Id.*) HQM hired Mr. Gentry and Ms. Parmley. (*Id.* ¶ 5.)

As new employees, Mr. Gentry and Ms. Parmley were required to and did participate in an orientation on October 6, 2003. (*Id.*) During the orientation, they were each provided with and had the opportunity to review a number of documents, including job descriptions for their respective positions, the HQM Employee Handbook, and the HQM Dispute Resolution Agreement. (*Id.*)

The HQM Dispute Resolution Agreement is a two-page document that requires HQM and the employee to submit all disputes arising out of the employment relationship, with the exception of workers' compensation and unemployment benefits claims, to final and binding arbitration. (*Id.*) Specifically, the Agreement provides, in pertinent part, as follows:

> In consideration of Home Quality Management, Inc. ("Company") employing you or continuing to employ you . . . , you and the Company . . . agree to the following:
>
> (1) All claims relating to your recruitment, employment with, or termination of employment from the Company shall be deemed waived unless submitted to final and binding arbitration in accordance with the Federal Arbitration Act ("FAA") . . . .
>
> (2) In the event that either the employee or the Company seeks relief in a court of competent jurisdiction for a dispute covered by this Agreement, the other party may, at any time within 60 days of the service of the complaint, require the dispute to be arbitrated, and that the decision and award of the arbitrator shall be final, binding, and enforceable in the courts.
>
> (3) This dispute resolution agreement covers all matters directly or indirectly related to your recruitment, employment, or termination of employment by the Company, including, but not limited to, alleged violations of Title VII of the Civil Rights Act of 1964, sections 1981 through 1988 of Title 42 of the United States Code and all amendments thereto, the Employee Retirement Income Security Act of 1974 ("ERISA"), the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefits Protection Act of 1990 ("PWBPA") [*sic*], the Fair Labor Standards Act ("FLSA"), the Occupational Safety and Health Act ("OSHA"), the consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any and all claims under federal, state, and local laws and common law but excluding Worker's Compensation Claims and unemployment benefits.

(*Id.* Exs. 1-2.) Mr. Gentry and Ms. Parmley each signed a copy of the HQM Dispute Resolution Agreement. (*Id.*)

The HQM Employee Handbook notifies employees that, as a condition of employment, HQM and each employee are subject to a mandatory alternative dispute resolution process in which both parties agree to resolve any employment disputes through final and binding arbitration. (*Id.* ¶ 8.) Mr. Gentry and Ms. Parmley each signed an acknowledgment related to the Employee Handbook. (*Id.* Exs. 3-4.)

Prior to filing this lawsuit, the claims of Mr. Gentry and Ms. Parmley were not submitted to final and binding arbitration. (*Id.* ¶ 9.)

-4-

## III. ANALYSIS

Defendant argues that the instant action should be dismissed because Plaintiffs and Defendant entered into a valid, enforceable agreement requiring this dispute to be arbitrated rather than litigated in this Court.

Congress enacted the Federal Arbitration Act ("FAA") as a response to the longstanding judicial hostility to arbitration agreements that had existed at common law and, in doing so, "place[d] arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *Cooper v. MRM Investment Co.*, 367 F.3d 493, 498 (6th Cir. 2004). Under the FAA, "[a] written provision [in a contract] to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has made clear that "[c]ontracts of employment fall under the [FAA] and can be subject to arbitration provisions. An employer can condition employment on an agreement to submit all employment-related claims . . . to arbitration." *Byrd v. CIGNA Healthcare, Tenn.*, No. 1:00-CV-337, 2002 WL 32059026, at *4 (E.D. Tenn. Feb. 8, 2002) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)).

In deciding whether an arbitration agreement is enforceable, the Court must look to state law principles of contract interpretation. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir. 2000); *Byrd*,

2002 WL 32059026, at *4.  Under Tennessee law,[1] the "cardinal rule [in interpreting contracts] . . . is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles.  Courts may determine the intention of the parties by a fair construction of the terms and provisions of the contract, by the subject matter to which it has reference, by the circumstances of the particular transaction giving rise to the question, and by the construction placed on the agreement by the parties in carrying out its terms." *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999) (internal quotation marks and citations omitted).  In applying the Tennessee law of contract interpretation, the Court must take into consideration the federal policy favoring arbitration.  *Cooper*, 367 F.3d at 498.

In the case at bar, the Court concludes that Plaintiffs are bound by the dispute resolution agreement to submit their claims to arbitration, and are not permitted to litigate such claims in this Court.  The dispute resolution agreement at issue states, in pertinent part, that "[a]ll claims relating to your recruitment, employment with, or termination of employment from the Company shall be deemed waived unless submitted to final and binding arbitration . . . ."  (Maxwell Decl. Exs. 1-2.)  Plaintiffs each signed the dispute resolution agreement, indicating that they understood and agreed to such provision.  (*Id.*)  The terms of the provision leave little doubt that the parties intended that all disputes

---

[1] In an action based on the Court's diversity jurisdiction, the Court must apply the conflicts law of the forum state, Tennessee.  *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997).  "Absent a contractual choice of law provision, Tennessee courts apply the *lex loci* rule to contract causes of action," which provides that "the substantive law of the state in which the contract was executed governs disputes arising from the contract."  *In re Estate of Davis*, 184 S.W.3d 231, 234 (Tenn. Ct. App. 2004).  In this instance, the HQM Dispute Resolution Agreement appears to have been executed by Mr. Gentry and Ms. Parmley in Tennessee, so the Court applies the Tennessee substantive law of contract interpretation.

regarding Plaintiffs' employment or their termination[2], including the instant dispute, would be resolved exclusively by arbitration. A fair construction of the arbitration provision leads to no other conclusion. Further, when Plaintiffs filed this action, Defendant filed within 60 days its motion requesting the Court to dismiss the action or compel arbitration, thereby meeting the requirement of paragraph (2) of the dispute resolution agreement. Accordingly, the Court will hold the parties to their respective agreements and will not allow this case to proceed in this Court in violation of those agreements.

## IV. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss or, In the Alternative, to Stay the Proceedings and Compel Arbitration [Court Doc. No. 3], which the Court has treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiffs wish to pursue their claims, they must submit such claims to final and binding arbitration. In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendant is entitled to recover its costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 16th day of June, 2006.

                                             *s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE

---

[2] With the exception of claims involving workers' compensation and unemployment benefits.